IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JONATHAN SEAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 322-001 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner has filed a second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration, and that this case be **CLOSED**.

**I.   BACKGROUND**[1]

    **A.   Indictment and Subsequent Agreement to Plead Guilty to Information**

On February 3, 2021, the grand jury in the Southern District of Georgia returned a twenty-two-count indictment against Petitioner charging him with twenty-one counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation

---

[1]The Background information quotes liberally from the Report and Recommendation entered on Petitioner's first § 2255 motion.  (See doc. no. 39.)

of 18 U.S.C. § 1028A. United States v. Seay, CR 321-001, doc. no. 1 (S.D. Ga. Feb. 3, 2021) (hereinafter "CR 321-001"). For the wire fraud charges, Petitioner faced a statutory maximum of not more than twenty years imprisonment, not more than a $250,000 fine, not more than five years of supervised release, a special assessment of $100, and restitution as may be ordered by the Court per count of conviction. Id., doc. no. 2. For the aggravated identity theft charge, Petitioner faced a statutory sentence of two years imprisonment (consecutive to any other term of imprisonment), not more than a $250,000 fine, not more than one year of supervised release, and a special assessment of $100. Id. Petitioner initially retained attorneys Franklin J. Hogue and Laura D. Hogue. Id., doc. nos. 7, 9. On November 29, 2021, the Court scheduled jury selection and trial to begin January 18, 2022. Id., doc. no. 35.

On January 3, 2022, defense counsel filed a motion to dismiss based on an alleged speedy trial violation. (Doc. no. 44.) United States District Judge Dudley H. Bowen, Jr., held a motions hearing and pretrial conference on January 12, 2022. (Doc. no. 55.) The next day, based on negotiations with Petitioner and his counsel, the government filed an Information charging Petitioner with one count of Unlawful Use of a Means of Identification In or Affecting Interstate Commerce, in violation of 18 U.S.C. § 1028(a)(7). United States v. Seay, CR 322-001, doc. no. 1 (S.D. Ga. Jan. 13, 2022); see also doc. no. 12, "Rule 11 Tr.," pp. 5, 10-11. For this new charge, Petitioner faced a statutory sentence of not more than five years imprisonment, not more than a $250,000 fine, not more than three years of supervised release, and a special assessment of $100. (Doc. no. 2.) That same day, pursuant to a written Plea Agreement offered pursuant to Fed. R. of Crim P. 11(c)(1), Petitioner pled guilty to the sole count charged in the Information. (Doc. no. 6, "Plea Agreement.") Under the terms of the agreement, the government and Petitioner agreed that a specific sentence of 36 months'

probation would be appropriate, and while the Court could accept or reject the Plea Agreement, if accepted, the Court was obligated to sentence Petitioner in accordance with the terms of the Plea Agreement. (Id. at 2-3.)

By signing the Plea Agreement, Petitioner also "entirely waive[d] his right to a direct appeal of his conviction and sentence on any ground" unless the Court (1) sentenced him above the statutory maximum, (2) sentenced him above the advisory Sentencing Guidelines range, or (3) the government appealed the sentence. (Id. at 6-7.) Absent those conditions, "[Petitioner] explicitly and irrevocably instruct[ed] his attorney not to file an appeal." (Id. at 7.) Further, Petitioner waived his right to collaterally attack his conviction and sentence on any ground other than ineffective assistance of counsel. (Id.) Moreover, Petitioner agreed he read and carefully reviewed the Plea Agreement with his attorney, understood each provision, voluntarily agreed to it, and stipulated the factual basis set out in the agreement "is true and accurate in every respect. (Id. at 10.) By signing the Plea Agreement, Petitioner additionally attested counsel had "represented him faithfully, skillfully, and diligently, and [Petitioner] is completely satisfied with the legal advice given and the work performed by his attorney." (Id. at 8.)

The same day the Information was filed, January 13, 2022, Judge Bowen held the initial appearance and arraignment on the Information and conducted a Rule 11 hearing to accept Petitioner's guilty plea. (Doc. nos. 1, 3.) Judge Bowen reviewed the terms of the Information, including the maximum penalties, and confirmed Petitioner understood the charge against him. Rule 11 Tr. 9-11. Judge Bowen also reviewed the host of rights Petitioner would be waiving by pleading guilty and confirmed no one had threatened or pressured Petitioner into changing his plea. Id. at 12-13. Judge Bowen further reviewed the details of the Plea Agreement,

3

including the appeal and collateral attack waiver provisions, and confirmed Petitioner understood the terms, as well as that Petitioner was "entirely" satisfied with his lawyers' handling of the case and had sufficient time to discuss and prepare his case with counsel. Id. at 9-11, 13-17. After Judge Bowen heard the factual basis for the guilty plea by proffer from the government, he asked Petitioner what of the government's proffer he disagreed with, to which Petitioner responded, "Nothing, Your Honor." Id. at 17-19.

Judge Bowen then confirmed Petitioner wanted to plead guilty consistent with the terms of his Plea Agreement and that Petitioner was guilty as charged in the Information. Id. at 19-20. Upon that confirmation, Judge Bowen announced, "In that this defendant has acknowledged his guilt, he is aware of his right to trial, he knows the maximum penalty and with full knowledge of the consequences he has elected to plead guilty with advice of counsel and on a sound factual basis, I will accept the plea in writing." Id. at 20.

### B. Change of Retained Counsel and Sentencing

On February 11, 2022, Petitioner filed a motion to proceed *pro se* and requested an extension of time to file a motion to vacate, based in part on allegations of ineffective assistance, prompting retained counsel Franklin J. Hogue and Laura D. Hogue to move to withdraw as counsel. (Doc. nos. 7, 8.) Judge Bowen construed Petitioner's motion in part as a motion to withdraw his guilty plea as opposed to a "motion to vacate". (See doc. no. 13.) Judge Bowen first rejected the assertion Petitioner's plea was unknowing or involuntary by pointing out multiple citations to the Rule 11 transcript in which Petitioner confirmed he had not been threatened, and furthermore he understood the rights he was waiving, as well as the nature of the charge and elements of his Plea Agreement, had enough time to study and understand the agreement, and was completely satisfied with counsel's representation. (Id. at

4

2-3.) Judge Bowen next rejected an ineffective assistance claim as a basis to withdraw the guilty plea, noting such a claim is more properly raised in a § 2255 motion. (Id. at 3.) Lastly, Judge Bowen rejected any jurisdictional challenge, as well as any issues related to the timeliness of the prosecution because that issue had been waived with entry of the guilty plea. (Id. at 3-4.) As to the request to proceed *pro se*, once Petitioner retained new counsel, Katryna Lyn Spearman and Murdoch Walker, II, (doc. nos. 16-18), Judge Bowen granted the previous counsel's motion to withdraw. (Doc. no. 19.)

In the meantime, the United States Probation Office prepared the Presentence Investigation Report, (doc. no. 26, "PSI"), which concluded Petitioner had not accepted responsibility for his crime. (PSI ¶¶ 13, 22.) The probation officer's finding was based on Petitioner's statements that "he pled guilty to something that he did not do" and "he did not understand what he was entering a plea to because of the rushed timing of the plea." (PSI ¶ 12.) Petitioner also noted to the probation officer he did not want to withdraw his plea, but he did want it vacated. (Id.)

The sentencing occurred on July 7, 2022. (Doc. no. 36, Sent. Tr.) Judge Bowen adopted the factual statements in the PSI, to which Petitioner had no objections, as well as the conclusions contained therein.[2] (Id. at 2-3.) Judge Bowen determined the advisory Guidelines range was 21 to 27 months of imprisonment, one to three years supervised release, $10,000 to $95,000 in fines, no restitution, and a $100 special assessment. (Id. at 2-3.) After hearing remarks from all interested parties including Petitioner and his counsel, and recognizing and accepting the terms of the Rule 11(c)(1)(C) plea agreement, Judge Bowen sentenced Petitioner

---

[2]Petitioner, through counsel, informed the Court that Petitioner's prior objection to the PSI's determination he did not qualify for acceptance of responsibility was no longer outstanding. Sent Tr. 2.

5

to three years of probation and directed the payment of a $100 special assessment.[3] (Id. at 9-10, 12; doc. no. 32.) In keeping with the terms of the Plea Agreement, Petitioner did not file a direct appeal.

### C. First § 2255 Motion

With the assistance of counsel, Petitioner filed his first § 2255 motion to vacate, set aside, or correct his sentence, raising the following claims:

(1) Petitioner has obtained evidence, newly available, with potential exculpatory value.

(2) His guilty plea was not entered knowingly because counsel provided ineffective assistance of counsel by failing to sufficiently review the plea agreement with Petitioner and rushing Petitioner to enter into the plea.

(3) Counsel provided ineffective assistance by failing to conduct an adequate pretrial investigation, including hiring an investigator and interviewing witnesses.

(4) Counsel provided ineffective assistance by failing to pursue readily available and useful evidence that Petitioner requested counsel acquire.

(See generally doc. nos. 34, 38.)

On September 13, 2023, Respondent filed a motion to dismiss, (doc. no. 37), which Petitioner opposed, (doc. no. 38). On December 5, 2023, the undersigned recommended granting the motion to dismiss, denying the § 2255 motion, and entering final judgment in favor of Respondent. (See doc. no. 39.) After Petitioner obtained an extension of time for counsel to object, Judge Bowen overruled the objections, adopted that recommendation, and denied a Certificate of Appealability ("COA") in accordance with the requirements of Rule 11(a) to the Rules Governing Section 2255 Proceedings. (See doc. nos. 41, 42, 44, 45.) In

---

[3]After recounting the potential sentencing outcomes of prison, supervised release, fines, restitution, and forfeiture of assets, the Plea Agreement specifically noted, "The Court additionally must impose a $100 special assessment per count of conviction." Plea Agreement, p. 2 (emphasis added).

doing so, Judge Bowen determined Petitioner's guilty plea was knowingly and voluntarily entered, rejected the ineffective assistance argument that counsel failed to sufficiently review the Plea Agreement with Petitioner and pressured and rushed Petitioner into entering his plea, and rejected the ineffective assistance claim counsel failed to conduct an adequate pretrial investigation which would have revealed readily available and potentially exculpatory evidence. (See doc. nos. 39, 45.) Judgment entered on January 26, 2024, and counsel timely filed a notice of appeal. (Doc. no. 46-1, 47, 48.)

Within days of filing the notice of appeal, Petitioner's retained counsel moved to withdraw, a request which Judge Bowen granted on February 21, 2024. (Doc. nos. 52, 54.) Now proceeding *pro se*, Petitioner filed a motion requesting a COA at the Eleventh Circuit Court of Appeals. Seay v. United States, No. 24-10509, doc. nos. 5, 10 (11th Cir. Mar. 6 & 7, 2024). While that request for a COA was pending, Petitioner filed a motion for leave to amend the original § 2255 in this Court. (Doc. no. 57.) Judge Bowen promptly denied the motion, explaining not only had the Court been divested of jurisdiction because of the appeal, but also that "the motion comes too late since judgment has been entered against Petitioner." (Doc. no. 58, p. 1.) Notably, two days before Petitioner's motion to amend was filed in this Court, Petitioner also filed a motion to stay at the Court of Appeals based on a stated intention to seek leave to amend in this Court, a request which was granted approximately three weeks later – after Judge Bowen had already denied the motion to amend. Seay, No. 24-10509, doc. nos. 14, 15 (11th Cir. Mar. 28, 2024 & Apr. 22, 2024).

Undeterred, Petitioner filed a motion for reconsideration of the denial of his post-judgment motion to amend, (doc. no. 60), which Judge Bowen denied, (doc. no. 61). Upon issuance of the Eleventh Circuit's Order granting a stay that had been entered after Judge

7

Bowen had ruled on the first motion to amend and reconsideration of the denial thereof, Petitioner filed a second, post-judgment motion to amend his § 2255 motion, which Judge Bowen again denied. (Doc. nos. 63, 64.) In denying this second motion to amend on May 7, 2024, Judge Bowen explicitly re-iterated his acceptance of the analysis in the Report and Recommendation that Petitioner had not presented "newly available" evidence that was exculpatory in any way, counsel had not provided ineffective assistance, and Petitioner's guilty plea was knowing and voluntary. (Doc. no. 64, pp. 1-2.) Judge Bowen also explained he initially denied the first motion based on lack of jurisdiction, but now, he would deny the motion as untimely because the request to amend was made *after* entry of the judgment. (Id. at 2.) Judge Bowen ruled, "Petitioner had ample opportunity to present any and all claims in this habeas proceeding prior to Judgment. Petitioner's habeas claims were comprehensive and appropriately presented by counsel." (Id.)

Upon receipt of Judge Bowen's May 7th Order again denying Petitioner's motion to amend after entry of judgment, the Eleventh Circuit lifted its stay and denied the motion for a COA. Seay v. United States, No. 24-10509, 2024 WL 3746037, at *1 (11th Cir. June 21, 2024). Petitioner filed a second appeal with the Eleventh Circuit concerning Judge Bowen's May 7th Order denying his request to amend, but the appellate court ultimately denied a COA in that case as well. Seay v. United States, No. 24-11760, doc. nos. 1, 16 (11th Cir. May 23, 2024 & Mar. 3, 2025).

    **D.**    **Second § 2255 Motion**

After two unsuccessful appeals related to his first § 2255 motion, on June 27, 2025, prior to the expiration of his three-year term of probation, Petitioner filed a second § 2255 motion to vacate, raising eleven grounds for relief. (See doc. no. 80.) All grounds raise

8

allegations of ineffective assistance against his various retained counsel. Petitioner alleges ineffective assistance by counsel who negotiated his plea agreement, as well as by newly retained counsel who represented him at sentencing and in his first post-conviction proceeding, though Petitioner is careful to state that his allegations do not involve the representation provided in the form of filing a § 2255 motion.[4] (Id. at 12.) Petitioner alleges counsel provided ineffective assistance as follows:

(1) Failed to object when Judge Bowen refused to allow Petitioner to withdraw his guilty plea and allegedly violated the terms of the Rule 11(c)(1)(C) agreed sentence;

(2) Failed to resolve the conflict between testimony at a pretrial conference about a potential defense and testimony at the change of plea proceeding that admitted guilt;

(3) Failed to object to statements by Judge Bowen at the pretrial conference about the believability of Petitioner's statements that led Petitioner to believe he could not get a fair trial;

(4) Failed to object to an incorrect statement of the law at the pretrial conference about charging a co-conspirator;

(5) Failed to move for dismissal on Speedy Trial grounds;

(6) Failed to object to a lack of jurisdiction over the charge in the information to which Petitioner pleaded guilty;

(7) Failed to object to a change in language in Petitioner's indictment filed prior to the Information to which he pleaded guilty which fraudulently changed the date of the offense to fall within the statute of limitations; and

(8) Failed to object that Petitioner could not hear the charges against him at the change of plea proceeding because he was surrounded by glass.

---

[4] "The IAC alleged in this petition is not IAC in a post-conviction representation that movant does not have a constitutional right. However, Movant does have a constitutional right to effective counsel prior to Sentencing, during Sentencing and on Direct Appeal, all of which Movants' counsel was ineffective in connection with as stated in grounds 1-8." (Doc. no. 80, p. 12.)

(Id. at 5-15.) The ineffective assistance claims raised in grounds nine through eleven provide additional detail to claims one, two, and four raised in the first § 2255 motion as set forth above. (Id. at 15-17.)

Petitioner strenuously argues his numerically second § 2255 motion is not "successive" within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because grounds one through eight "did not exist until after the filing of the original attorney filed 2255 petition" and the procedural chronology described above concerning the denial of his post-judgment motion to amend prevented him from raising his claims. (Id. at 12.) Petitioner later backtracks on his statement about grounds one through eight by clarifying they did not "fully exi[s]t" and then conceding he "had provided all the ground[s] herein listed to Sentencing counsel and they had agreed to file them with the 2255 petition to vacate." (Id.) Finally, with respect to grounds nine through eleven, which expand upon claims one, two, and four in the first § 2255 motion, Petitioner contends that because the merits of his first petition were not decided and the case was not dismissed with prejudice, these factually-enhanced grounds which were raised in the post-judgment motion to amend relate back to the original motion and should not be considered successive. (Id. at 13.)

## II. DISCUSSION

The § 2255 motion presently cannot be considered because of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

>    that no reasonable factfinder would have found the movant guilty of the offense; or
>
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). Indeed, AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the

11

alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive.  Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222); see also Amodeo v. United States, 743 F. App'x 381, 384 (11th Cir. 2018) (*per curiam*) (applying Stewart).

Here, Petitioner has previously filed a § 2255 motion that was denied and for which a final judgment was entered in favor of Respondent.  (See doc. nos. 39, 45, 46.)  As the Background, *supra*, makes clear, Petitioner has repeatedly but unsuccessfully attempted to bring his ineffective assistance claims either in the four claims raised by counsel in the original § 2255 motion, or by his procedurally improper attempts to amend his motion after entry of judgment.  Although Petitioner is convinced he was somehow improperly prevented from amending his original § 2255 motion, his multiple, unsuccessful motions and motions for reconsideration at both the trial and appellate levels regarding the proceedings on his first § 2255 motion do not support his position.  As the Eleventh Circuit has explained:

> The district court committed no abuse of discretion in denying Akel's motion to amend:  the motion was filed after the district court entered judgment denying Akel's section 2255 motion.  Rule 15 does not allow for post-judgment amendment of pleadings in this case.  See Fed. R. Civ. P. 15; Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344-45 (11th Cir. 2010) ("Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered.)

United States v. Akel, 787 F. App'x 1002, 1007 (11th Cir. 2019) (*per curiam*)[5]; see also Amodeo, 743 F. App'x at 386 (recognizing fourth-in-time § 2255 motion filed after district

---

[5]The Federal Rules of Civil Procedure apply to § 2255 proceedings to the extent they are not inconsistent with the statutory provisions of the rules governing § 2255 proceedings.  Rule 12, Rules Governing Section 2255 Proceedings.

12

court entered judgment dismissing third-in-time § 2255 motion as time-barred could not have been granted as motion to amend under Rule 15(a) because that Rule has no application after entry of judgment).

Moreover, even if the Court were to assume for the sake of argument Petitioner's motion to amend was improperly denied during the course of the proceedings on his first § 2255 motion because his appeal was pending at the time he filed his belated motion to amend, under the current circumstances – where all appeals related to the district court's treatment of the first § 2255 motion have since been resolved and a new § 2255 motion has been filed – the Court has no jurisdiction to consider the claims unless and until Petitioner receives authorization from the Eleventh Circuit to file a successive motion.  See Owens v. United States, 1:09-CR-0286-RWS-JFK / 1:14-CV-2943-RWS-JFK, 2014 WL 12704691, at *1 (N.D. Ga. Sept. 22, 2014) (recognizing and following unpublished Eleventh Circuit opinion declining to deem successive § 2255 motion as motion to amend where appeal from original § 2255 motion has since been resolved), *adopted by* 2014 WL 12704692 (N.D. Ga. Oct. 20, 2014).

Petitioner's mistaken belief his original § 2255 motion was not decided on the merits does not change the analysis.  Seeming to conflate timeliness under AEDPA's one-year statute of limitations with timeliness of a motion to amend under the Federal Rules of Civil Procedure, Petitioner argues Judge Bowen's denial of the post-judgment motion to amend as untimely with language recognizing the similarity to the original claims creates an irreconcilable conflict that actually supports his contention all of his ineffective assistance claims should now be considered anew in this successive petition.  However, as the history recounted above shows, the Court considered the merits of his claims, rejected his claims for relief, and entered

13

judgment in favor of Respondent.[6] (See doc. nos. 39, 45, 46.) That claims raised in Petitioner's untimely motion to amend were previously determined to be the "same or similar" to his original claims does not show those claims should now be considered without first obtaining authorization from the Court of Appeals to file a successive § 2255 motion. Instead, that prior determination was relevant to the timeliness of the motion to amend within the timeline of the proceedings concerning the first § 2255 motion.

Finally, no intervening *factual* defect has come into existence and caused Petitioner's ineffective assistance claims to ripen in the time between Petitioner's first motion and the instant motion. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014). Petitioner *concedes* he knew all the information upon which his claims are based at the time his original § 2255 motion was filed, and certainly before judgment was entered approximately six months after the original motion was filed. (Doc. no. 80, p. 12 ("Movant had provided all the ground[s] herein listed to Sentencing counsel and they had agreed to file them with the 2255 petition to vacate."); see also doc. no. 34 (original § 2255 motion filed July 21, 2023); doc. no. 46 (judgment entered Jan. 26, 2024).) Petitioner's current § 2255 motion is properly classified as "second or successive" in the sense contemplated by § 2255 and requires authorization by the Eleventh Circuit.

---

[6]Petitioner argues his current petition is not successive because it concerns the merits of the belated claims in his motion to amend rather than the merits of the claims properly before the Court in the motion as originally filed. This argument fails. No doubt, a "habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits . . . is not a second or successive petition." Slack v. McDaniel, 529 U.S. 476, 485-86 (U.S. 2000). Here, however, the claims in the belated *motion to amend* were not adjudicated on the merits, but claims in the original § 2255 motion were considered and rejected, with judgment entered in Respondent's favor. Thus, whether Petitioner's belated claims he attempted to raise in the untimely motion to amend were considered on the merits does not alter the outcome of the second or successive analysis now undertaken by the Court.

14

In sum, under the Eleventh Circuit case law set forth above, Petitioner's current § 2255 motion is "second or successive," and he must obtain authorization from the Court of Appeals to file it. Because Petitioner has not yet received authorization from the Eleventh Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's current motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining " district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

### III.  CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA