IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JONATHAN SEAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 322-001 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 92.) Petitioner's objections do nothing to undermine the Magistrate Judge's analysis that Petitioner's motion filed pursuant to 28 U.S.C. § 2255 must be dismissed on the basis that is successive and has not been authorized by the Eleventh Circuit Court of Appeals. (See doc. no. 83.) Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the § 2255 motion on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration.

The Court recognizes that upon receiving the Magistrate Judge's recommendation for dismissal, Petitioner embarked on a campaign to, in effect, restart these successive collateral proceedings by using the additional time that had been granted for the purpose of filing

objections to the recommendation, to also further investigate and attempt to develop claims for a "Motion to Expand the Record or in the Alternate to Amend his 2255 Petition to Vacate." (Doc. no. 93.)  Nothing in this most recent filing provides any information that would allow the Court to proceed with these successive proceedings.  Petitioner's reliance on "innocence as a gateway" for this Court to consider his claims is misplaced, in that the cited case law deals with procedurally defaulted claims, not claims for which the Court is without jurisdiction to consider.  (See, e.g., doc. no. 93, pp. 1-3 (citing House v. Bell, 547 U.S. 518 (2006) and Schlup v. Delo, 513 U.S. 298 (1995).)  Accordingly, the Court **DENIES** the motion to expand the record or amend the motion because the Court is without jurisdiction to hear this case absent authorization from the Eleventh Circuit.

Since the issuance of the Report and Recommendation, the Eleventh Circuit expounded upon the strict gatekeeping requirements for successive habeas filings in United States v. Taylor, --- F.4th ---, 2025 WL 2611789 (11th Cir. Sept. 10, 2025).  The Taylor case cements this Court's conclusion that Petitioner's filings after the entry of judgment in his first § 2255 petition are unauthorized successive § 2255 filings over which the Court has no jurisdiction. As the Eleventh Circuit emphasized in its opening sentence of Taylor, "When it comes to federal habeas petitions, finality matters. Without it, applications for habeas relief can quickly become unwieldy."  This one has, and it is now at its sharp end in this Court.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate.  This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) to the Rules Governing Section 2255 Proceedings.  This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing.  Accordingly, the Court **DENIES** a COA in this case.[1]  Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Accordingly, Petitioner is not entitled to appeal *in forma pauperis*.  <u>See</u> 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this  12th  day of September, 2025, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3